IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-382-FL-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SHERRY MARIE RICHMOND, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court to set briefing schedule on defendant's motion for compassionate release (DE 323) and to request the government's position on issues raised in correspondence from the Federal Bureau of Prisons ("FBOP"), dated June 30, 2023 (DE 322). The court sets the following schedule for briefing on the pending motion for compassionate release:

1) Government's response due: **July 26, 2023**.

2) Defendant's reply, if any, due: **August 2, 2023**.

The government's response to the motion for compassionate release also shall provide its position on issues raised in the FBOP's July 11, 2023, correspondence (DE 322), which requests the court's position on whether defendant's federal sentence should run concurrently or consecutively to two state sentences imposed after defendant's federal sentencing.

In connection with this issue, and assuming the government is opposed to concurrent sentences, the parties should address whether the conduct underlying the state conviction in 19CRS200628, (see PSR (DE 269) ¶ 36 & n.3), should be considered relevant conduct to the instant federal offense under U.S.S.G. §§ 5G1.3 and 1B1.3. Section 5G1.3 recommends concurrent sentences if the state offense is relevant conduct to the federal offense under U.S.S.G.

§ 1B1.3. Here, although the conduct underlying 19CRS200628 is described in the "offense conduct" section of the presentence investigation report (DE 269 ¶ 12), such conduct does not appear to have "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1) (emphasis added). In addition, the relevant conduct rules in § 1B1.3(a)(2) require "offenses of a character for which § 3D1.2(d) would require grouping of multiple counts," and the robbery offense described in paragraph 12 of the PSR, which corresponds to the conviction in 19CRS200628, is specifically excluded from the grouping rules in § 3D1.2(d). See U.S.S.G. § 3D1.2(d) (excluding robbery offenses under U.S.S.G. § 2B3.1). The court therefore requests the parties' positions on whether 19CRS200628 is relevant conduct to the instant federal offense.

The second state offense at issue, denominated 19CRS200632, is based on the same conduct underlying the instant federal conviction. (PSR (DE 269) ¶ 36 & n.3). After defendant's federal sentencing, the state court imposed a sentence of six to 17 months' imprisonment for this conviction, consecutive to the term of 29 to 47 months imposed in 19CRS200628. (DE 322 at 2; see also DE 323-8). Therefore, at a minimum, the court is inclined to recommend that the FBOP calculate defendant's sentence in a manner that runs the federal sentence concurrent with the state sentence in 19CRS200632. See U.S.S.G. § 5G1.3(c) (providing, with certain exceptions not relevant here, that where "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under [U.S.S.G. § 1B1.3(a)(1)-(3)], the sentence for the instant offense shall be imposed to run concurrently to the anticipated state term of imprisonment"). This determination, however, is not final, and the government may argue that the federal sentence should be consecutive to the sentence imposed for both of the state convictions.

The FBOP's correspondence requests that this court provide its response regarding the concurrent or consecutive determination by August 29, 2023. (DE 322 at 2 (requesting a response within 60 days of June 30, 2023)). The court also needs to issue the ruling in advance of August 29 where the final order needs to be mailed to the FBOP. Given this compressed timeframe, the court will not grant extensions of the briefing schedule set forth above unless the government obtains and documents an extension of the FBOP's deadline.

SO ORDERED, this the 12th day of July, 2023.

 LOUISE W. FLANAGAN
 United States District Judge